# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRISTEN O'BRIEN-SHURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 12 C 6101 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| U.S. LABORATORIES, INC. HEALTH & | ) |
| WELFARE BENEFIT PLAN and LIFE | ) |
| INSURANCE COMPANY OF NORTH | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Kristen O'Brien-Shure filed a complaint against defendants U.S. Laboratories, Inc. Health & Welfare Plan[1] and Life Insurance Company of North America (collectively, "LINA") seeking payment of long-term disability benefits under ERISA § 502(a)(1)(B). LINA filed a counterclaim seeking recovery of an alleged overpayment of long-term disability benefits resulting from O'Brien-Shure's retroactive receipt of social security disability benefits. Before the court is O'Brien-Shure's motion to dismiss LINA's counterclaim under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).[2] For the reasons set forth herein, O'Brien-Shure's motion [#13] is denied.

---

[1] U.S. Laboratories, Inc. Health & Welfare Plan was incorrectly sued as U.S. Laboratories, Inc. Health & Welfare Benefit Plan.

[2] The court has federal question jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND[3]

O'Brien-Shure was a participant in a long-term disability policy provided by LINA. That policy provides a participant who qualifies for long-term disability benefits with $3,605.00 per month less applicable set-offs, which includes reducing the benefit amount by the amount of social security disability benefits a participant receives. The policy provides LINA with the right to recover benefits paid to a participant in excess of the benefits due under the plan, including by reducing future benefits payments or pursuing appropriate collection activity. On October 18, 2008, O'Brien-Shure signed a reimbursement agreement to the same effect, agreeing to reimburse LINA for any overpayment within thirty days of receiving other benefits that qualified for set-off.

O'Brien-Shure received long-term disability benefits under the LINA policy from September 21, 2008 through February 7, 2011. She later was awarded $1,9161.00 in social security disability benefits per month, in addition to her dependent's social security disability benefits of $980.00 per month. LINA alleges that this amounts to an overpayment in long-term disability benefits of approximately $81,117.23 and that it is entitled to recover this overpayment through an equitable lien by agreement or a claim for restitution.

---

[3] The following facts are taken from the counterclaim and are presumed true for the purpose of resolving the present motion. *See Barnes* v. *Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the counterclaim and draw all reasonable inferences from those facts in the counter-plaintiff's favor. *Sapperstein* v. *Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the counterclaim and draws all reasonable inferences from those facts in the counter-plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the counterclaim must not only provide the counter-defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At the same time, the counter-plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

ANALYSIS

I.      Timeliness of O'Brien-Shure's Motion to Dismiss

LINA argues that the court should deny O'Brien-Shure's motion to dismiss outright because her filing was untimely. Although O'Brien-Shure acknowledges that her motion to dismiss was filed four days late, she asks the court to excuse the delay as LINA cannot point to any prejudice it has suffered as a result. O'Brien-Shure did not seek leave to extend the date to file a responsive pleading to the counterclaim nor does she provide any explanation for her delay. As the delay was short, the parties have substantively addressed the issues, and LINA has suffered no prejudice, however, the court will address the merits of O'Brien-Shure's motion. *See Mommaerts* v. *Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (district court properly exercised its discretion in allowing answer to complaint to be filed shortly after responsive pleading deadline had passed where the delay was harmless); *Cherry* v. *Davis*, No. 12 C 4070, 2013 WL 1628236, at *3 (N.D. Ill. Apr. 15, 2013) ("Unless a defendant can demonstrate prejudice from an untimely filed motion to dismiss, a court has the discretion to consider the merits of the motion."). O'Brien-Shure is cautioned, however, that in the future she should seek leave to extend deadlines if they cannot be met.

## II. LINA's Claim for Reimbursement

LINA may bring a claim for reimbursement pursuant to an equitable lien by agreement under § 502(a)(3) of ERISA. *Sereboff* v. *Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361–62, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006). But the relief sought must be equitable—recovery of specifically identifiable funds in O'Brien-Shure's property—and not legal—"the imposition of personal liability for the benefits that [the health plan] conferred upon [the beneficiary]." *Id.* at 362 (quoting *Great-West Life Annuity Ins. Co.* v. *Knudson*, 534 U.S. 204, 213, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2003)). Although O'Brien-Shure acknowledges that any amounts she recovers in her underlying lawsuit will be conditioned on satisfaction of her repayment obligation, she argues that LINA's counterclaim must be dismissed because the funds sought are no longer in O'Brien-Shure's possession and thus the counterclaim seeks legal and not equitable relief. If the relief is not equitable, the court lacks subject matter jurisdiction over the claim and it must be dismissed. *See Gutta* v. *Standard Select Trust Ins. Plans*, 530 F.3d 614, 620 (7th Cir. 2008).

LINA's policy and the reimbursement agreement identify the specific fund from which recovery is sought—the long-term disability benefits that LINA paid O'Brien-Shure—and the specific share of that fund to which LINA is entitled—the amount of overpayment resulting from receipt of social security disability benefits. *See Crawford & Co. Med. Benefit Trust* v. *Repp*, No. 11 C 50155, 2011 WL 2531844, at *3 (N.D. Ill. June 24, 2011) ("[W]here a plan provision in question specifically identifies a particular fund distinct from the defendant's general assets and a particular share of that fund to which the [insurer] was entitled, the claim to assert a lien on

those funds is equitable."); *see also Gilchrest* v. *Unum Life Ins. Co. of Am.*, 255 F. App'x 38 (6th Cir. 2007) (claim to recover overpayments under provision similar to that in LINA's policy deemed equitable where "overpayment provision asserts a right to recover from a specific fund distinct from [the insured's] assets—the fund being the overpayments themselves—and a particular share of that fund to which the plan was entitled—all overpayments due to the receipt of Social Security benefits, but not to exceed the amount of benefits paid"). But O'Brien-Shure maintains that the claim nonetheless fails because LINA has not alleged that those funds remain in her possession.

The Seventh Circuit, however, has rejected a possession requirement for an insurer's overpayment claim, concluding that such claims are equitable in nature "even if the benefits it paid [the insured] are not specifically traceable to [the insured's] current assets because of commingling or dissipation." *Gutta*, 530 F.3d at 621. Gutta held that a plan provision permitting the insurer an offset against other income received by the beneficiary created an equitable lien on that income and the insurer was entitled to reimbursement even though the specific money had been commingled or dissipated. *See also Sereboff*, 547 U.S. at 365 ("[N]o tracing requirement . . . applies to equitable liens by agreement or assignment."); *Thurber* v. *Aetna Life Ins. Co.*, 712 F.3d 654 (2d Cir. 2013) ("If the reason the insurer's claim is equitable is because it is seeking return of property over which it asserts a lien (the overpayments), whether or not the beneficiary remains in possession of those particular dollars is not relevant as long as she was on notice that the funds under her control belonged to the insurer; she held the money in a constructive trust."); *Funk* v. *Cigna Grp. Ins.*, 648 F.3d 182, 194 & n.14 (3d Cir. 2011)

(Supreme Court's discussion in *Sereboff* "strongly implies that . . . the defendant need not possess the property at the time relief is sought in order for the relief to be equitable—any post-agreement possession will suffice"); *Longaberger Co.* v. *Kolt*, 586 F.3d 459, 466–69 (6th Cir. 2009) (decision to commingle funds did not prevent enforcement of equitable lien by agreement). *But see Barrett* v. *Life Ins. Co. of N. Am.*, No. 11 C 6000, Dkt. 50 (N.D. Ill. July 12, 2012) (allowing counterclaim to proceed only as setoff against funds recovered in underlying suit for disability benefits). Although the Ninth Circuit has come to a different conclusion, requiring that the funds sought be within the possession and control of the beneficiary, *see Bilyeu* v. *Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1092–95 (9th Cir. 2012), this court is bound by the Seventh Circuit's decision in *Gutta*.

O'Brien-Shure seeks to avoid this conclusion by arguing that *Gutta* is distinguishable because it did not involve an overpayment caused by receipt of social security disability benefits. But 42 U.S.C. § 407(a)'s protection of social security benefits from "execution, levy, attachment, garnishment, or other legal process" does not affect the outcome, for LINA is not seeking to impose a lien directly on O'Brien-Shure's benefits. *See, e.g.*, *Cusson* v. *Liberty Life Assurance Co. of Boston*, 592 F.3d 215, 231 (1st Cir. 2010) (rejecting argument that § 407(a) bars recovery of overpayment due to receipt of social security disability benefits).
As in *Weitzenkamp*, although the amount in question happens to be the same as the amount of the insured's retroactive social security payment, the funds the insurer is targeting do not come from social security but instead from overpayments LINA made to O'Brien-Shure. *Weitzenkamp*

7

v. *Unum Life Ins. Co. of Am.*, 661 F.3d 323, 332 (7th Cir. 2011). Section 407(a) does not bar LINA's counterclaim.[4]

### III. Doctrine of Unclean Hands

O'Brien-Shure argues that if the court concludes that the counterclaim seeks equitable relief, LINA's recovery is barred by the clean hands doctrine. The Supreme Court recently held that in actions based on equitable liens by agreement brought under § 502(a)(3), equitable defenses, including unjust enrichment, may not override the policy's terms. *US Airways, Inc.* v. *McCutchen*, 133 S. Ct. 1537, 1551 (2013). Although the doctrine of unclean hands was not specifically discussed, under *McCutchen*, it is not a valid defense to LINA's counterclaim. *See also Admin. Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan* v. *Varco*, 338 F.3d 680, 691–92 (7th Cir. 2003) (in action under § 502(a)(3), "it is inappropriate to fashion a common law rule that would override the express terms of a private plan unless the overridden plan provision conflicts with statutory provisions or other policies underlying ERISA"). *But see Ayers* v. *Life Ins. Co. of N. Am.*, 869 F. Supp. 2d 1248, 1266–67 (D. Or. 2012) (collecting cases where clean hands doctrine has been allowed as defense to overpayment claim).

---

[4] In her reply, O'Brien-Shure raises the new argument that LINA's alternative claim for restitution must be dismissed. Because this argument was raised for the first time in reply, it is waived. *See Dexia Credit Local* v. *Rogan*, 629 F.3d 612, 625 (7th Cir. 2010). The court notes, however, that any state law claim for restitution is preempted by ERISA. *See Gutta*, 530 F.3d at 620.

**CONCLUSION**

For the foregoing reasons, O'Brien-Shure's motion [#13] is denied. O'Brien-Shure is directed to answer the counterclaim by July 12, 2013. This case is set for a status hearing on July 25, 2013 at 8:30 a.m.

Dated: July 1, 2013          Enter: _____
                                                   JOAN HUMPHREY LEFKOW
                                                   United States District Judge